# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER MORRIS, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF AYDEN CARTER TOPLIN, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No: |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, JENNIFER ROSENBAUM, M.D., CARYN REID, APN, UNITED STATES OF AMERICA, GAETANO PEREGO, M.D., and NAKEISHA WEATHERSBY, APN | )<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT AT LAW

1. On February 3, 2016, Jennifer Morris was appointed Independent Administrator of the Estate of Ayden Toplin Carter by the Circuit Court of Cook County, Illinois.

2. At all times relevant, Friend Family Health Center, Inc. was a federally funded health clinic and agent of the United States of America.

3. Plaintiff filed a Form 95, and served it upon the United States of America, Department of Health and Human Services, on October 30, 2015.

4. On and after April 30, 2014, Jennifer Morris received prenatal care from agents and employees of the United States of America at Friend Family Health Center, Inc., including Gaetano Perego, M.D. and Nakeisha Weathersby, APN.

1

5. At all times relevant, Gaetano Perego, M.D. was acting within the scope and course of her actual and/or apparent agency relationship with the United States of America and Friend Family Health Center, Inc.

6. At all times relevant, Nakeisha Weathersby, APN was acting within the scope and course of her actual and/or apparent agency relationship with the United States of America and Friend Family Health Center, Inc.

7. On August 21, 2014, Jennifer Morris underwent an ultrasound which showed findings consistent with cervical incompetence.

8. On August 21, 2014, Dr. Perego learned that Jennifer Morris underwent an ultrasound which showed findings consistent with cervical incompetence, and directed her to The University of Chicago Medical Center.

9. On August 21, 2014, Jennifer Morris presented to The University of Chicago Medical Center where she was seen by Caryn Reid, APN.

10. At that time and place, Nurse Reid diagnosed a bacterial infection and sent Ms. Morris home on antibiotics.

11. On August 21, 2014, Jennifer Morris received no treatment for her cervical incompetence at The University of Chicago Medical Center.

12. At all times relevant, Nurse Reid worked under the supervision of Jennifer Rosenbaum, M.D.

13. At all times relevant, Caryn Reid, APN was acting within the scope and course of her actual and/or apparent agency relationship with The University of Chicago Medical Center.

14. At all times relevant, Jennifer Rosenbaum, M.D. was acting within the scope and course of her actual and/or apparent agency relationship with The University of Chicago Medical Center.

15. On August 22, 2014, Jennifer Morris presented to Friend Family Health Center, Inc. where she was seen by Nakeisha Weathersby, APN.

16. At that time and place, Nurse Weathersby instructed Ms. Morris to continue taking her antibiotic and sent her home.

17. On August 22, 2014, Jennifer Morris received no treatment for her cervical incompetence at Friend Family Health Center, Inc.

18. At all times relevant, Nurse Weathersby worked under the supervision of Dr. Perego and/or other physicians who were employees or agents of the United States of America and Friend Family Health Center, Inc.

19. On August 23, 2014, Jennifer Morris went into labor.

20. On August 24, 2014, Ayden Toplin Carter was born at the University of Chicago Medical Center at 22 weeks gestation and died later that day.

21. On and after August 21, 2014, defendants and their agents and employees were negligent in that they failed to provide informed consent and placement of emergent or rescue cerclage to treat Jennifer Morris's cervical incompetence.

22. As a further proximate result of the negligent conduct of defendants, Ayden Toplin Carter was born and died on August 24, 2014.

23. Ayden Toplin Carter is survived by his next of kin as follows: Jennifer Morris (mother), Stephen Toplin (father), Jabria Johnson (half-sister), Alyssia Nelson (half-sister), Stephon Toplin (half-brother) and Stephen Toplin (half-brother), all of whom have suffered damages by his wrongful death, including grief and sorrow and loss of society.

24. Jennifer Morris, Independent Administrator of the Estate of Ayden Toplin Carter, claims such damages pursuant to the Illinois Wrongful Death Act.

WHEREFORE, Jennifer Morris, Independent Administrator of the Estate of Ayden Toplin Carter, demands judgment against defendants, University of Chicago Medical Center, Jennifer Rosenbaum, M.D., Caryn Reid, APN, United States of America, Gaetano Perego, M.D. and Nakeisha Weathersby, APN for a sum of money in excess of the jurisdictional minimums of this court.

Respectfully submitted,

/s/ Michael T. Gill

PFAFF, GILL & PORTS, LTD.
Attorneys for Plaintiff
One East Wacker Dr., Suite 3310
Chicago, IL 60601-1918
(312) 828-9666
We accept service at: eservice@pfaffgill.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JENNIFER MORRIS, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF AYDEN CARTER TOPLIN, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF CHICAGO MEDICAL CENTER, JENNIFER ROSENBAUM, M.D., CARYN REID, APN, UNITED STATES OF AMERICA, GAETANO PEREGO, M.D., and NAKEISHA WEATHERSBY, APN <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No: ) ) ) ) ) ) ) ) ) ) ) |

### SUPREME COURT RULE 222 AFFIDAVIT

The undersigned, MICHAEL T. GILL, having been duly sworn on oath, deposes and states that as of this date the total money damages sought in the above-captioned matter exceeds SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

/s/ Michael T. Gill

Subscribed and Sworn to Before Me
This 4th day of May, 2016.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MEGHAN SCHMIDT
Notary Public - State of Illinois
My Commission Expires 05/12/2019

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JENNIFER MORRIS, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF AYDEN CARTER TOPLIN, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF CHICAGO MEDICAL CENTER, JENNIFER ROSENBAUM, M.D., CARYN REID, APN, UNITED STATES OF AMERICA, GAETANO PEREGO, M.D., and NAKEISHA WEATHERSBY, APN <br><br> Defendants. | Case No: |

**AFFIDAVIT OF PLAINTIFF'S ATTORNEY**

I, Michael T. Gill, declare under penalty of perjury as follows:

  I am one of the attorneys of record for plaintiffs.

  I have consulted with and reviewed the facts of this case with a physician, whom I believe is knowledgeable in the relevant issues involved in this particular action. He practices in the same area of medicine that is at issue in this action, and he actively treats patients with the medical condition that afflicted Jennifer Morris. That physician has determined, in a written report, attached hereto, after reviewing the relevant material involved in this particular action, that there is a reasonable and meritorious cause for filing of this action.

  No legal action has been previously filed concerning the incident described in this lawsuit.

  I consider the identity of the physician who signed the attached report to be confidential and my work-product. I have not yet determined to identify this physician as an opinion witness in the trial of this case, and therefore, the person remains my consultant whose identity is protected

6

by the work-product rule. The attorney work-product privilege, created by the judiciary, cannot be modified, amended, or abrogated by legislation. To the extent that a recent amendment to Code of Civil Procedure section 2-622 implies that the attorneys for plaintiff should identify their attesting physician, that section violates the work-product rule, the separation of powers doctrine and the equal protection guarantees of the Illinois and United States Constitutions. My client and I would be at a distinct litigation disadvantage were I required to disclose the identity of my consulting physician at this time.

FURTHER AFFIANT SAYETH NOT.

/s/ Michael T. Gill

Subscribed and Sworn to Before Me
This 4th day of May, 2016.

NOTARY PUBLIC

OFFICIAL SEAL
MEGHAN SCHMIDT
Notary Public - State of Illinois
My Commission Expires 05/12/2019

7

April 19, 2016

Michael Gill
Pfaff, Gill & Ports, Ltd.
One East Wacker Drive
Suite 3310
Chicago, IL 60601

    Re:    Estate of Ayden Carter Toplin

Dear Mr. Gill:

I write to confirm our conversations concerning this case. I am a medical doctor licensed to practice in all the areas relevant to this case. I am familiar with the standard of care for the care and treatment provided to Ayden Carter Toplin by, through, and with his mother, Jennifer Morris.

I have reviewed the following materials: Ex. 10 – Friend Family Health Center Records (prenatal care); Ex. 11B - University of Chicago Medical Center Records (8/21/2014; 8/24/2014–8/27/2014 admission); Ex. 12 – Mercy Medical Center Films.

Ayden Carter Toplin was born at University of Chicago Medical Center on August 24, 2014 at 22 weeks gestation and died approximately 1 hour later. His mother, Jennifer Morris, underwent an ultrasound three days prior (8/21/2014) which showed "findings consistent with cervical incompetence with a small amount of fluid filling the cervical canal." *Ex. 10, pp. 7-9.* The interpreting radiologist spoke with the treating OB/GYN, Dr. Gaetano Perego, and informed her of the findings. Ms. Morris was directed to University of Chicago Medical Center, and was seen that day in Labor & Delivery by Caryn Reid, APN. *Ex. 11B, pp. 19-25.* Nurse Reid diagnosed a bacterial infection and sent Ms. Morris home on antibiotics. Per the medical record, Nurse Reid discussed the case with resident Jennifer Rosenbaum, M.D., who should have supervised Ms. Morris's care and treatment that day.

Ms. Morris was seen August 22, 2014 by Nakeisha Weathersby, APN at Friend Family Health Center, the facility where she received her prenatal care. Nurse Weathersby was made aware of the visit to University of Chicago the day before. She instructed Ms. Morris to continue with her course of Flagyl. *Ex. 10, pp. 40-44.* Ms. Morris's care should have been supervised by Dr. Perego or another physician at Friend Family Health Center that day. No healthcare provider addressed her cervical insufficiency, and she went into labor on

August 23, 2014. Ayden Carter Toplin was born the next day and died approximately 1 hour later.

On August 21 and 22, Ms. Morris's ultrasound findings and presentation required informed consent and placement of emergent or rescue cerclage. On August 21, Dr. Rosenbaum and other healthcare providers at University of Chicago Medical Center failed to take such action. On August 22, Dr. Perego and other healthcare providers at Friend Family Health Center failed to take such action. Had they done so, Jennifer Morris's pregnancy would have more likely than not progressed to a gestational age where Ayden Carter Toplin would have survived.

Based on the information that I have thus far reviewed, it is my opinion to a reasonable degree of medical certainty (i.e. more likely than not) that the errors and omissions of Dr. Rosenbaum and University of Chicago, and Dr. Perego and Family Friend Health Center were negligent and a proximate cause of Ayden Toplin Carter's death on August 24, 2014. Accordingly, I conclude that this is a meritorious case against those individuals and institutions.

Pending the review of additional information, I reserve the right to modify or amplify the opinions expressed herein.

Sincerely,